IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| LAKESIDE PLASTICS, | )<br>) |
| Defendant. | )<br>)<br>) |

Civil Action No. 1:22-cv-01149

COMPLAINT

JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices and provide appropriate relief to Brian Turner (hereinafter "Turner") who was adversely affected by such practices. Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Lakeside Plastics ("Defendant") discriminated against Turner, who is Black, when it subjected him to a hostile work environment based on race and terminated his employment based on race. The EEOC also alleges, in the alternative, that Defendant terminated Turner's employment in retaliation for engaging in protected activity when he opposed the racial harassment, or because he is both Black and engaged in protected activity. All of Defendant's actions were in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343,

and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and § 706(f)(3) of Title VII, as amended, 42 U.S.C. §2000e-5(f)(1) and §2000e-5(f)(3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

## PARTIES

3. Plaintiff EEOC is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation doing business in the State of Wisconsin and the City of Oshkosh. Defendant has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 701(b) of Title VII, 42 U.S.C. § 2000e-(b).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Turner filed an EEOC Charge of Discrimination alleging that he was discriminated against based on race and retaliation in violation of Title VII by Defendant.

8. On July 27, 2022, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant subjected Turner to a hostile work environment based on race and terminated his employment based on race. The EEOC also found reasonable cause to believe that Defendant terminated Turner in retaliation for engaging in protected activity when he opposed the racial harassment. The Letter of Determination invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The EEOC was unable to secure a conciliation agreement acceptable to the EEOC and Defendant and on August 17, 2022, the EEOC issued Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this suit have been fulfilled.

## STATEMENT OF CLAIMS

12. Defendant is a manufacturing company that produces traffic safety products, screen printing inks and custom plastisol formulations.

13. Since at least June 6, 2019, Defendant engaged in unlawful employment practices at its facilities in Wisconsin in violation of Title VII.

14. Defendant subjected Turner to a hostile work environment when a White co-worker racially harassed Turner. The harassment included the White co-worker subjecting Turner to derogatory racial comments including the racial slur "nigger." The co-worker also threatened Turner with physical violence and told Turner that he could get him terminated. The conduct was

3

severe or pervasive. The co-worker's conduct was unwelcome and created a hostile work environment based on race that was both objectively and subjectively offensive to Turner. This hostile working environment was amplified by management's failure to take prompt and effective remedial measures when Turner brought harassing incidents to its attention.

15. Defendant is liable for the racial harassment that was committed by the co-worker because Defendant knew or should have known about the harassment and failed to take prompt and appropriate corrective action to stop or prevent it.

16. Turner opposed the co-worker's racial harassment and objected to his conduct. Turner also reported the racial harassment to Defendant's supervisory and lead employees. In addition, Turner reported the harassment to the staffing firm which assigned him to work at Defendant's facility, and the staffing firm reported the harassment to Defendant.

17. Defendant terminated Turner's employment on or about July 1, 2019 in response to his opposition to the racial harassment. Defendant also refused to rehire or reinstate Turner after it terminated him despite confirming that Turner was harassed by the co-worker.

18. Turner's opposition to the racial harassment was protected activity. Defendant terminated Turner's employment in retaliation for his opposition to race discrimination.

19. Pleading in the alternative, Defendant terminated Turner's employment based on his race. Defendant treated White employees more favorably than Turner. Specifically, when Turner complained about the co-worker's harassment, Defendant did not investigate, but fired Turner. In comparison, when a White employee complained that he did not want to work with the co-worker, Defendant conducted an investigation. Defendant did not fire the White employee, but fired the co-worker; not for harassing Turner, but because of the co-worker's conduct toward the

4

White employee. Alternatively, Defendant terminated Turner due to the intersection of his race and his engaging in protected opposition to conduct made unlawful by Title VII.

20. The effects of the practices complained of in paragraphs 13-19 above, has been to deprive Turner of equal employment opportunities and otherwise adversely affect his status as an employee based on race and/or in retaliation in violation of Title VII.

21. The unlawful employment practices complained of in paragraphs 13-19 above were and are intentional.

22. The unlawful employment practices complained of in paragraphs 13-19 above were done with reckless indifference to the federally protected rights of Turner.

## PRAYER FOR RELIEF

WHEREFORE, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate based on race. Also grant a permanent injunction prohibiting Defendant from discriminating against any individual for engaging in protected activity under Title VII or for opposing practices made unlawful by Title VII or for participating in this lawsuit;

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of race, and which eradicate the effects of its unlawful employment practices;

C. Order Defendant to make whole Turner by providing appropriate back pay with prejudgment interest and a tax component award, in amounts to be determined at trial,

reinstatement or front pay in lieu of reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D. Order Defendant to make whole Turner by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices including loss of personal property, medical expenses, and retirement or pension contributions not covered by Defendant's employee benefit plan, in amounts to be determined at trial;

E. Order Defendant to make whole Turner by providing compensation for past and future non-pecuniary losses resulting from its unlawful employment practices including emotional pain, suffering, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial;

F. Order Defendant to pay Turner punitive damages for its malicious and/or recklessly indifferent conduct in amounts to be determined at trial;

G. Grant such further relief as this Court deems necessary and proper in the public interest; and

H. Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Gwendolyn Young Reams
Acting General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E., 5th Floor
Washington, D.C. 20507

/s/ Gregory Gochanour
Gregory Gochanour
Regional Attorney

EEOC Chicago District Office
230 South Dearborn Street
Chicago, IL 60604
Email: gregory.gochanour@eeoc.gov


/s/ Ethan Cohen
Ethan Cohen
Assistant Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street
Chicago, IL 60604
Email: ethan.cohen@eeoc.gov


/s/ Tina Burnside
Tina Burnside (WI Bar No. 1026965)
Senior Trial Attorney
EEOC Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, Minnesota 55401
Telephone: (612) 552-7319
Facsimile: (612) 335-4044
Email: tina.burnside@eeoc.gov


/s/ Greger Calhan
Greger Calhan
Trial Attorney
EEOC Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, Minnesota 55401
Telephone: (612) 552-7323
Facsimile: (612) 335-4044
Email: greger.calhan@eeoc.gov