UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LAKESIDE PLASTICS, INC.,<br><br>　　　　　Defendant. | Case No. 1:22-cv-01149-WCG |

**PLAINTIFF EEOC'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT**

I. **INTRODUCTION**

The EEOC alleges that Defendant Lakeside Plastics, Inc. ("Defendant" or "Lakeside") discriminated against Brian Turner ("Turner") by subjecting him to a hostile work environment based on race, Black, and terminating his employment based on race. The EEOC also alleges that Defendant terminated Turner's employment in retaliation for engaging in protected activity when he opposed the racial harassment. The EEOC seeks back pay, front pay, compensatory and punitive damages for Turner. Defendant asserts as an affirmative defense that Turner failed to mitigate damages. Defendant has failed to meet its burden of proof on this issue, and this Court should grant the EEOC's motion for partial summary judgment on Defendant's affirmative defense.

II. **STATEMENT OF FACTS**[1]

　A. **Brian Turner's employment at Lakeside Plastics and subsequent employment after his termination.**

---

[1] For this motion, the EEOC will cite to EEOC's Proposed Findings of Fact as "EEOC PFOF."

1

Turner was employed with the temporary staffing firm QPS Employment Group in Oshkosh, Wisconsin which placed him to work at Lakeside Plastics on or about June 6, 2019. (EEOC PFOF 1; Burnside Decl., Ex. 5, Turner Dep. at 45:17-19) Turner was hired as a Production Technician in the Cones department. (EEOC PFOF 2; Burnside Decl., Ex. 1) Turner was assigned the first shift, weekends which was Thursday – Sunday, from 7 am to 3 pm. (EEOC PFOF 3; Burnside Decl., Ex. 2) He was terminated on July 1, 2019. (EEOC PFOF 4; Burnside Decl., Ex. 3; Ex. 6, Leith Dep. at 75:5-10)

After his termination from Lakeside Plastics, he briefly moved back to his hometown Milwaukee, where he worked at Riverworks Development cleaning illegal trash dumping at abandoned houses. (EEOC PFOF 5; Burnside Decl., Ex. 5, Turner Dep. at 46:3-12). After Riverworks, he went back to Oshkosh and was assigned by QPS to work at International Group, Inc., a wax molding company, for about two months. (EEOC PFOF 6; Burnside Decl., Ex. 5, Turner Dep. at 47:2-10; 49:2-20). After International Group, he applied at Walmart. (EEOC PFOF 7; Burnside Decl., Ex. 5, Turner Dep. at 52:14-23). He also worked construction jobs on houses with his landlord. (EEOC PFOF 8; Burnside Decl., Ex. 5, Turner Dep. at 52:8-11). Turner lived in Oshkosh about two or three years.[2] (EEOC PFOF 9; Burnside Decl., Ex. 5, Turner Dep. at 17:13-15)

Turner moved from Oshkosh to Beaver Dam, Wisconsin where he lived for about a year or so. (EEOC PFOF 9; Burnside Decl., Ex. 5, Turner Dep. at 15:22-24). He worked at several jobs including Richelieu Foods, a frozen food manufacturer. (EEOC PFOF 10; Burnside Decl., Ex. 5, Turner Dep. at 27:19-21; 28:13-14). He also worked at Bird's Eye, a vegetable processing

---

[2] Lakeside Plastics was not Turner's first job when he moved to Oshkosh. However, this motion will only address Turner's employment after his termination from Lakeside which is the relevant time period for mitigation of damages.

plant. (EEOC PFOF 11; Burnside Decl., Ex. 5, Turner Dep. at 31:18-23). He later worked at Centro, Inc., a manufacturing plant that makes John Deere parts and gas tanks. (EEOC PFOF 12; Burnside Decl., Ex. 5, Turner Dep. at 25:5-9, 25). He left his job at Centro, Inc. to move back to Milwaukee. (EEOC PFOF 13; Burnside Decl., Ex. 5, Turner Dep. at 26:5-14). In Milwaukee, he worked at Stella & Chewy's, a dog food processing plant. (EEOC PFOF 14; Burnside Decl., Ex. 5, Turner Dep. at 21:1-4, 22).

From Milwaukee, Turner moved to Fargo, North Dakota where he currently lives. He works two jobs; he is employed at Burger King and Deek's Pizza. (EEOC PFOF 15; Burnside Decl., Ex. 5, Turner Dep. at 18:22-25; 19:1-13).

**B. Defendant's evidence on failure to mitigate damages.**

A month after Turner was terminated, Defendant's Human Resources Director Kelly Leith contacted the staffing firm QPS to inform them that Lakeside learned that Turner's harassment complaint had been confirmed. (EEOC PFOF 16; Burnside Decl., Ex. 4) QPS asked if Turner could return to work at Lakeside, and Leith said to let her know if he wanted to return, and she would follow-up with the supervisor. *Id.* Leith admits that she apologized to QPS and informed them that Turner's harassment complaint was accurate. (EEOC PFOF 17; Burnside Decl., Ex. 6, Leith Dep. at 103:14-16) Leith said she did not recall if she asked Lakeside's supervisor if Turner could return to work. (EEOC PFOF 18; Burnside Decl., Ex. 6, Leith Dep. at 105:24; 106:1-3) Turner testified that he did not have any conversation with QPS about returning to work at Lakeside. He also said Lakeside did not reach out to him or QPS letting them know that Lakeside wanted him back. (EEOC PFOF 19; Burnside Decl., Ex. 5, Turner Dep. at 183:3-7; 185:13-25)

Lakeside's corporate representative, Matt Malczewski, who was designated as the

30(b)(6) witness, testified that Defendant's failure to mitigate damages defense is based on information that neither Turner nor QPS informed Defendant whether Turner wanted to return to work. (EEOC PFOF 20; Burnside Decl., Ex. 7, Malczewski Dep. at 96:3-14) Defendant admits that Lakeside never contacted QPS and requested that Turner return to work. (EEOC PFOF 21; Burnside Decl., Ex. 7, Malczewski Dep. at 97:1-3) Defendant also admits that it was not offering or agreeing to rehire Turner, but instead only "prepared to discuss it." (EEOC PFOF 22; Burnside Decl., Ex. 7, Malczewski Dep. at 97:9-12) Defendant stated that the evidence to support its failure to mitigate damages defense is solely the fact that QPS did not contact Lakeside regarding whether Turner wanted to return to work. (EEOC PFOF 23; Burnside Decl., Ex. 7, Malczewski Dep. at 97:4-8, 19-22.) Defendant also stated that Leith is the witness who would testify about its failure to mitigate damages defense. EEOC PFOF 24; Burnside Decl., Ex. 7, Malczewski Dep. at 97:23-24; 98:1)

### III. ARGUMENT

#### A. Legal Standard

Summary judgment may be granted only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Lawson v. CSX Transp., Inc.*, 245 F.3d 916, 922 (7th Cir. 2001). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict" for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, there is no genuine dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007). The Court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). A court may not

4

Case 1:22-cv-01149-WCG   Filed 02/01/24   Page 4 of 10   Document 19

make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder. *Paz v. Wauconda Healthcare & Rehab. Ctr., LLC*, 464 F.3d 659, 664 (7th Cir. 2006).

In this case, partial summary judgment is appropriate on the issue of failure to mitigate damages because there are no genuine issues of material fact in dispute for a jury to decide, and the EEOC is entitled to judgment as a matter of law.

> **B. Partial summary judgment should be granted as Defendant cannot establish its burden of proof that Turner failed to mitigate his damages.**

A plaintiff alleging employment discrimination generally is required to mitigate damages by making diligent efforts to obtain reasonably comparable employment. *Mattenson v. Baxter Healthcare Corp.*, 438 F.3d 763, 771 (7th Cir. 2006). Failure to mitigate damages is an affirmative defense which the defendant bears the burden of proof. To establish the affirmative defense of a plaintiff's failure to mitigate damages, the defendant must show that: (1) the plaintiff failed to exercise reasonable diligence to mitigate his damages, and (2) there was a reasonable likelihood that the plaintiff might have found comparable work by exercising reasonable diligence. *Hutchison v. Amateur Elec. Supply, Inc*., 42 F.3d 1037, 1044 (7th Cir. 1994). A plaintiff can satisfy the mitigation requirement by demonstrating a continuing commitment to be a member of the work force. *Donnelly v. Yellow Freight System, Inc*., 874 F.2d 402, 411 (7th Cir. 1989). The Seventh Circuit has held that an employer must prove *both* elements of the defense; that the plaintiff was not reasonably diligent in seeking other employment, *and* that with the exercise of reasonable diligence there was a reasonable chance that the plaintiff might have found comparable employment. *EEOC v. Gurnee Inn Corp*., 914 F.2d 815, 818 (7th Cir.1990). This two-part framework is longstanding and has been repeatedly affirmed. *Stragapede v. City of Evanston, Ill*., 865 F.3d 861, 868 (7th Cir. 2017). Defendant

5

cannot prove either element of its defense.

### 1. Defendant cannot prove that Turner failed to exercise reasonable diligence to mitigate his damages.

In this case, Turner exercised reasonable diligence to mitigate his damages. Turner applied for and worked several jobs after being unlawfully terminated from Lakeside. He worked at Riverworks Development (EEOC PFOF 5); International Group, Inc. (EEOC PFOF 6); he applied at Walmart. (EEOC PFOF 7); he worked construction (EEOC PFOF 8); he worked at Richelieu Foods (EEOC PFOF 10); Bird's Eye (EEOC PFOF 11); Centro, Inc. (EEOC PFOF 12); and Stella & Chewy's (EEOC PFOF 14). Turner currently works two jobs: Burger King and Deek's Pizza. (EEOC PFOF 15).

Turner's job history since his unlawful termination from Lakeside is compelling evidence that he mitigated his damages and Defendant has no evidence to rebut his job search and work history. Turner's testimony is sufficient to prove his mitigation efforts. *See Coffey v. DSW Shoe Warehouse, Inc.*, 145 F.Supp.3d 771, 779 (N.D. Ill. 2015) (court held plaintiff's deposition testimony about mitigation was sufficient, and defendant failed to satisfy its burden because it made no effort to rebut her testimony, call into question her diligence or produce evidence from potential employers about specific jobs available).

This is not a case where the plaintiff was idle and unemployed. Turner worked several jobs in manufacturing – the same field as his job at Lakeside – but he also worked in other fields consistent with his work experience including restaurants. *See Vega v. Chicago Park Dist.*, 954 F.3d 996, 1009 (7th Cir. 2020) (court affirmed district court holding that defendant failed to meet the first prong of its defense because plaintiff exercised reasonable diligence in applying for jobs, and even though not all of the jobs were comparable to her job as a park supervisor, many of them involved similar skills such as working with youth and engaging in the community); *Morris*

6

*v. BNSF Railway Company*, 969 F.3d 753, 767 (7th Cir. 2020) (court affirmed district court finding that plaintiff diligently pursued a new job in the transportation sector after his termination).

Defendant has no evidence that Turner's mitigation efforts were in bad faith, but instead the facts prove that he was diligent in mitigating his damages. Courts have held where a claimant obtains employment in another field, even if only part-time, that claimant satisfies his obligation to mitigate damages absent a showing by the employer that this action was not in good faith. *See EEOC v. CTI Global Solutions, Inc.*, 815 F.Supp.2d 897, 912 (D. Md. 2011). In addition, self-employment can constitute employment for purposes of mitigating damages if the self-employment was a reasonable alternative to finding other comparable employment. *See Brown v. Smith,* 827 F.3d 609, 615 (7th Cir. 2016) (plaintiff's self-employment of hauling trailers was legitimate and reasonable mitigation); *Smith v. Great American Restaurants, Inc*., 969 F.2d 430, 438 (7th Cir.1992) (plaintiff's opening of a restaurant was reasonable and permissible mitigation). In this case, when he was between jobs, Turner was self-employed working construction with his landlord. (EEOC PFOF 8). It is undisputed that Turner exercised reasonable diligence to mitigate his damages.

Defendant's argument that Turner failed to mitigate his damages because neither Turner nor QPS informed Lakeside whether he wanted to return to work is not credible. Defendant admits it did not reach out to QPS or Turner and offer him reinstatement to work at Lakeside. Turner testified that Lakeside did not contact him and offer to rehire him. (EEOC PFOF 19). Moreover, Defendant admits that it was not offering or agreeing to rehire Turner, but instead only "prepared to discuss it." (EEOC PFOF 22) Defendant cannot claim that Turner failed to mitigate his damages because he did not contact Lakeside about the "possibility" of returning to

7

work when in fact there was no actual job offer made to Turner. Courts have rejected arguments similar to this one made by Defendant. *See CTI Global Solutions,* 815 F.Supp.2d at 913-14. (court rejected defendant's argument that plaintiff failed to mitigate her damages because she did not attend a meeting regarding her removal and reassignment where defendant admitted there were no available positions at the time of the meeting); *Drews v. Social Development Com'n*, 95 F.Supp.2d 985, 990 (E.D. Wis. 1998) (court held defendant failed to establish mitigation defense holding that the mitigation requirement does not demand that a former employee who suffered discrimination continue to seek employment from defendant).

### 2. Defendant fails to establish there was a reasonable likelihood that Turner might have found comparable work by exercising reasonable diligence.

Defendant has no evidence to satisfy the second element of its affirmative defense that there was a reasonable chance there was comparable work to be found. Defendant has no evidence on the availability of work comparable to the Production Technician job that Turner worked at Lakeside when it terminated him. Defendant also failed to produce any expert testimony or an expert report on labor market statistics or studies about similar jobs in the area during the relevant time period.

Courts have granted summary judgement to plaintiffs where defendants present no evidence showing the availability of comparable jobs and fail to satisfy the second prong of the failure to mitigate damages defense. *See Gurnee Inn*, 914 F.2d at 818 (court affirmed district court's grant of summary judgment to plaintiff on defendant's failure to mitigate defense finding that defendant failed to carry its burden because it produced no evidence about the availability of comparable jobs); *Gracia v. Sigmatron International, Inc*., 130 F.Supp.3d 1249, 1256-58 (N.D. Ill. 2015) (court held defendant failed to meet its burden on its failure to mitigate damages defense where the employer offered no evidence of availability of work, how long positions were

open when the employee applied, how many positions were open, whether employee could have secured a job sooner, or Bureau of Labor Statistics studies for manufacturing jobs in the state during the relevant time period). *See also Erickson v. Biogen, Inc.*, 417 F.Supp.3d 1369 (W.D. Wash. 2019) (court granted plaintiff's summary judgment motion on defendant's failure to mitigate defense, rejecting defendant's evidence of national statistics and Indeed.com results which failed to narrow the data beyond the broad category of "sales representative" to positions that were "substantially equivalent" to plaintiff's previous job); *EEOC v. High Speed Enterprise, Inc.*, 833 F.Supp.2d 1153 (D. Ariz. 2011) (court granted plaintiff's motion for summary judgment on defendant's failure to mitigate defense where defendant's only evidence was conclusory statements that there were businesses nearby that plaintiff could have worked but failed to produce any evidence regarding the availability of open positions).

Defendant fails to meet its burden of showing there was comparable work available which Turner could have found by exercising reasonable efforts. Accordingly, this Court should grant the EEOC's partial motion for summary judgment.

IV. CONCLUSION

Based on the foregoing case law, evidence and arguments, this Court should grant the EEOC's motion for partial summary judgment on Defendant's failure to mitigate damages affirmative defense.

Dated: February 1, 2024               Respectfully submitted,

                                              EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

                                              /s/ Tina Burnside
                                              Tina Burnside (WI#1026965)
                                              Senior Trial Attorney
                                              Equal Employment Opportunity Commission

Minneapolis Area Office
330 South Second Avenue, Suite 720
Minneapolis, MN 55401
Email: tina.burnside@eeoc.gov
Telephone: (612) 552-7319


/s/ Greger Calhan
Greger Calhan
Trial Attorney
Equal Employment Opportunity Commission
Minneapolis Area Office
330 South Second Avenue, Suite 720
Minneapolis, MN 55401
Email: greger.calhan@eeoc.gov
Telephone: (612) 552-7323