UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LAKESIDE PLASTICS, INC.,<br><br>Defendant. | Case No. 1:22-cv-01149-WCG |

**PLAINTIFF EEOC'S PROPOSED FINDINGS OF FACTS**

1. Brian Turner ("Turner") was employed with the temporary staffing firm QPS Employment Group ("QPS") which placed him to work at Lakeside Plastics in Oshkosh, Wisconsin on or about June 6, 2019. (Burnside Decl., Ex. 5, Turner Dep. at 45:17-19)

2. Turner was hired as a Production Technician in the Cones department. (Burnside Decl., Ex. 1)

3. Turner was assigned the first shift, weekends which was Thursday – Sunday, from 7 am to 3 pm. (Burnside Decl., Ex. 2)

4. Turner was terminated on July 1, 2019. (Burnside Decl., Ex. 3; Ex. 6, Leith Dep. at 75:5-10)

5. After his termination from Lakeside Plastics, Turner moved back to his hometown Milwaukee and worked at Riverworks Development cleaning illegal trash dumping at abandoned houses. (Burnside Decl., Ex. 5, Turner Dep. at 46:3-12)

6. After working at Riverworks, Turner moved back to Oshkosh, and was assigned by QPS to work at International Group, Inc., a wax molding company, in Oshkosh. (Burnside

Decl., Ex. 5, Turner Dep. at 47:2-10; 49:2-20).

7. After International Group, he applied at Walmart. (Burnside Decl., Ex. 5, Turner Dep. at 52:14-23).

8. Turner also worked construction jobs on houses with his landlord. (Burnside Decl., Ex. 5, Turner Dep. at 52:8-11).

9. Turner lived in Oshkosh about two or three years then moved to Beaver Dam, Wisconsin where he lived for about a year or so. (Burnside Decl., Ex. 5, Turner Dep. at 15:22-24)

10. Turner worked several jobs in Beaver Dam including Richelieu Foods, a frozen food manufacturer. (Burnside Decl., Ex. 5, Turner Dep. at 27:19-21; 28:13-14)

11. He also worked at Bird's Eye, a vegetable processing plant. (Burnside Decl., Ex. 5, Turner Dep. at 31:18-23)

12. Turner later worked at Centro, Inc., a manufacturing plant that makes John Deere parts and gas tanks. (Burnside Decl., Ex. 5, Turner Dep. at 25:5-9, 25)

13. Turner left his job at Centro, Inc. to move back to Milwaukee. (Burnside Decl., Ex. 5, Turner Dep. at 26:5-14)

14. In Milwaukee, he worked at Stella & Chewy's, a dog food processing plant. (Burnside Decl., Ex. 5, Turner Dep. at 21:1-4, 22)

15. From Milwaukee, Turner moved to Fargo, North Dakota where he currently lives. He works two jobs; he is employed at Burger King and Deek's Pizza. (Burnside Decl., Ex. 5, Turner Dep. at 18:22-25; 19:1-13)

16. A month after Turner was terminated, Defendant's Human Resources Director Kelly Leith contacted the staffing firm QPS to inform them that Lakeside Plastics learned that Turner's harassment complaint had been confirmed. (Burnside Decl., Ex. 4) QPS asked if

Turner could return to work at Lakeside Plastics, and Leith said to let her know if he wanted to return, and she would follow-up with the supervisor. (*Id.*)

17. Leith admits that she apologized to QPS and informed them that Turner's harassment complaint was accurate. (Burnside Decl., Ex. 6, Leith Dep. at 103:14-16)

18. Leith said she did not recall if she asked Lakeside Plastics' supervisor if Turner could return to work. (Burnside Decl., Ex. 6, Leith Dep. at 105:24; 106:1-3)

19. Turner testified that he did not have any conversation with QPS about returning to work at Lakeside. He also said Lakeside did not reach out to him or QPS letting them know that Lakeside wanted him back. (Burnside Decl., Ex. 5, Turner Dep. at 183:3-7; 185:13-25)

20. Lakeside Plastic's corporate representative, Matt Malczewski, who was designated as the 30(b)(6) witness, testified that Defendant's failure to mitigate damages defense is based on information that neither Turner nor QPS informed Defendant whether Turner wanted to return to work. (Burnside Decl., Ex. 7, Malczewski Dep. at 96:3-14)

21. Defendant admits that Lakeside Plastics never contacted QPS and requested that Turner return to work. (Burnside Decl., Ex. 7, Malczewski Dep. at 97:1-3)

22. Defendant also admits that it was not offering or agreeing to rehire Turner, but instead was only "prepared to discuss it." (Burnside Decl., Ex. 7, Malczewski Dep. at 97:9-12)

23. Defendant stated that the evidence to support its failure to mitigate damages defense is solely the fact that QPS did not get back to Lakeside Plastics regarding whether Turner wanted to return to work. (Burnside Decl., Ex. 7, Malczewski Dep. at 97:4-8, 19-22.)

24. Defendant also stated that Leith is the witness who would testify about its failure to mitigate damages defense. (Burnside Decl., Ex. 7, Malczewski Dep. at 97:23-24; 98:1)

3

Dated: February 1, 2024

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

/s/ Tina Burnside
Tina Burnside (WI#1026965)
Senior Trial Attorney
Equal Employment Opportunity Commission
Minneapolis Area Office
330 South Second Avenue, Suite 720
Minneapolis, MN 55401
Email: tina.burnside@eeoc.gov
Telephone: (612) 552-7319

/s/ Greger Calhan
Greger Calhan
Trial Attorney
Equal Employment Opportunity Commission
Minneapolis Area Office
330 South Second Avenue, Suite 720
Minneapolis, MN 55401
Email: greger.calhan@eeoc.gov
Telephone: (612) 552-7323