IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | Case No. 1:22-cv-01149-WCG |
| v. | ) ) ) ) ) | **PLAINTIFF EEOC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO ALTER OR AMEND A JUDGMENT UNDER FED. R. CIV. P. 59(e) AND/OR RELIEF FROM A JUDGMENT UNDER RULE 60(b)** |
| LAKESIDE PLASTICS INC., | ) ) ) | |
| Defendant. | ) ) ) | |

Pursuant to Rules 59(e) and/or 60(b)(6) of the Federal Rules of Civil Procedure, Plaintiff, Equal Employment Opportunity Commission ("EEOC"), moves the Court for reconsideration of its Decision and Order (Docket No. 41) granting Defendant Lakeside Plastics, Inc.'s ("Defendant") Motion for Summary Judgment, and the Court's Judgment In A Civil Case (Docket No. 42). The EEOC respectfully asserts that the District Court abused its discretion and erred when it failed to deny Defendant's motion for summary judgment for failing to comply with the Local Rules, disregarded the EEOC's Statement of Additional Facts, disproportionately applied the local rules, and did not follow controlling law on the issue. This Court's Decision and Order, and Judgment In A Civil Case should be rescinded, and the Court should deny Defendant's motion for summary judgment, or, in the alternative, consider the EEOC's Statement of Additional Facts and render a new summary judgment order.[1]

---

[1] The EEOC also objects to the Decision and Order granting summary judgment to Defendant and dismissal of the EEOC's racial harassment, termination, and retaliation claims. The court's action was an error of law and fact. The EEOC will considering filing an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B) on the merits of the underlying judgment. This motion only addresses the Court's decision to consider Defendant's statement of uncontested facts while disregarding the EEOC's statement of facts.

1

## I. BRIEF PROCEDURAL FACTS

The EEOC filed a lawsuit alleging that Defendant discriminated against Brian Turner ("Turner") by subjecting him to a hostile work environment based on his race, Black, and terminating his employment because of his race. The EEOC also alleged that Defendant terminated Turner in retaliation for engaging in protected activity when he opposed the harassment. (Docket No. 1.)

On February 1, 2024, Defendant filed a motion for summary judgment on all of the EEOC's claims. (Docket Nos. 22 and 23.) Defendant filed its Statement of Proposed Material Facts (Docket No. 24) on February 1, 2024, which had 182 facts, which exceeded the 150-fact limit set forth in the local rules. Civil L.R. 56(b)(1)(C)(ii). Defendant did not seek prior leave of court as required pursuant to Civil L.R. 56(b)(7). On March 4, 2024, the EEOC filed its response to Defendant's motion for summary judgment and filed a Statement of Additional Facts. (Docket Nos. 31 and 32.)

On June 3, 2024, the Court issued its Decision and Order and as a preliminary matter, ruled that the EEOC failed to comply with the Court's summary judgment procedures. (Docket No. 41.) The Court stated that the EEOC inappropriately combined multiple factual propositions into a single numbered paragraph in violation of local rule, Civil L.R. 56(b)(2)(B)(ii). The Court held that "Based on the EEOC's failure to comply with Civil L.R. 56(b), the court will not consider the EEOC's proposed statement of additional fact in deciding the motions for summary judgment." (Docket No. 41, p. 3.)

## II. LEGAL STANDARD

Courts consider motions challenging the merits of a district court order as filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) permits a court to amend an order or judgment only if the movant either presents newly discovered evidence or establishes a manifest error of law or fact. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). *See A.D. Weiss Lithograph Co., Inc. v. Illinois Adhesive Products Co.*, 705 F.2d 249, 250 (7th Cir. 1983) (court held Rule 59(e) can be used to ask that a summary judgment order be set aside in its entirety). Rule 60(b) allows a court to relieve a party from an order or judgment based on several grounds including "any other reason that justifies relief." *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2001). The EEOC proceeds under Rules 59(e) motion to alter or amend a judgment, and/or 60(b)(6) any other reason that justifies relief. *See Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (Seventh Circuit held a motion challenging the merits of a district court order will automatically be considered having been filed pursuant to Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b)).

## III. LEGAL ARGUMENT

The EEOC moves for reconsideration of the Decision and Judgment on grounds that the District Court abused its discretion and erroneously refused to consider the EEOC's proposed statement of additional facts on summary judgment. This abuse of discretion resulted in a misapplication of the law as the Court did not apply the correct summary judgment legal standard because it viewed the facts in favor of the Defendant.

A. **The Court Abused Its Discretion by Inconsistently Applying the Local Rules to the EEOC and Defendant, And the Court Allowed Defendant to Violate the Rules, but Sanctioned the EEOC for Alleged Rule Violation.**

In its Decision and Order, the Court ruled that the EEOC failed to comply with the Court's summary judgment procedures which requires that a party opposing a motion for summary judgment must submit a concise response to the moving party's statement of facts. The non-moving party may also file:

> a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the facts described in that paragraph. A non-moving party may not file more than 100 separately-numbered statements of additional facts. Each separately-numbered paragraph shall be limited to one material fact.

Civil. L.R. 56(b)(2)(B)(ii).

The EEOC filed 100 additional facts, but the Court stated that "the EEOC inappropriately combined multiple factual propositions into a single numbered paragraph, which violates the local rule's requirement that [e]ach separately-numbered paragraph shall be limited to one material fact." Civil. L.R. 56(b)(2)(B)(ii). (Docket No. 41, p. 2) The Court stated that if each proposed fact was separated into one material fact per paragraph, the EEOC would significantly exceed its limit of 100 set by the local rule. Therefore, the Court held that "the court will not consider the EEOC's proposed statement of additional facts in deciding the motions for summary judgment." (Docket No. 41, p. 3.)

In comparison, Defendant violated the local rules at the time of filing but was not penalized by the Court. Pursuant to the local rules, Defendant was limited to 150 material facts but filed its Statement of Proposed Material Facts with a total of 182 – which was 32 additional

facts over the limit. Civil L.R. 56(b)(1)(C)(ii). Defendant did not seek prior leave of court to file in excess of the number of facts as required by Civil L.R. 56(b)(7). Under the local rule:

> **Prior Leave of Court Required to Increase the Number of Statements of Fact or Statements of Additional Fact.** A party may not file any proposed statements of material fact or statements of additional fact in excess of the limit set forth in this rule unless the Court previously has granted leave upon a showing that an increase is warranted.

Instead of seeking prior leave of court, Defendant filed its motion for leave to file proposed statement of material fact in excess of limit (Docket No. 27) on the same day it filed its statement of material facts, February 1, 2024, and after it had already filed its statement of facts. Furthermore, Defendant did not make a "showing that an increase is warranted." Its "showing" consisted entirely of this statement, "due to the multiple claims asserted by the Plaintiff in this action and the large number of depositions (ten (10) depositions)." *Id.* If such a bald statement, in a single claimant Title VII case warrants an exception to the rule, the rule would be rendered meaningless. More significantly, the Court had not previously granted leave upon a showing that an increase was warranted. Despite Defendant's initial non-compliance with the local rule, the Court did not disregard Defendant's Statement of Material Fact. The Court applied the local rules in an unequal fashion to the EEOC and Defendant.[2]

While the Seventh Circuit has routinely held that a district court may strictly enforce compliance with its local rules regarding summary judgment motions, s*ee Schmidt v. Eagle Waste & Recycling, Inc*., 599 F.3d 626, 630 (7th Cir. 2010), such strict enforcement must be applied equally to both parties, and Defendant should not be excused for its non-compliance with the local rules. As courts at every level have said, "what's good for the goose is good for the

---

[2] The EEOC did not file a motion seeking sanctions for Defendant's violation of the rules because the General Rules explicitly states "The Local Rules are intended to be enforced primarily upon the Court's own initiative. A party should not file a motion seeking sanctions for alleged noncompliance with a Local Rule unless the alleged violation is egregious or unfairly prejudicial."

gander." *See Heffernan v. City of Paterson, N.J.,* 578 U.S. 266, 272 (2016) (finding that if employer reasonably but mistakenly thought that employee *had not* engaged in protected speech then in this case where the employer mistakenly thought that the employee *had* engaged in protected speech, the employer's motive is what matters in both cases, stating "After all, in law, what is sauce for the goose is normally sauce for the gander."); *Fessenden v. Reliance Standard Life Ins. Co.*, 927 F.3d 998, 1006-1007 (7th Cir. 2019) (court held ERISA regulatory deadlines applied equally to claimants and plan administrators, stating "What's good for the goose is good for the gander"); *Harris v. County of Cook*, Case No. 19-cv-4598, 2022 WL 425716, *6 (N.D. Ill., Feb. 11, 2022) (court ruled defendants forfeited their exhaustion defense by raising the issue after the court's deadline with no explanation, stating "Scheduling orders and court-imposed deadlines matter. … "[i]f prisoners are held to that standard, their opponents should be too. What's good for the goose is good for the gander (and what's bad for the good is bad for the gander"); *U.S. v. Smith*, No. 05-CR-182, 2005 WL 2885801, *1 (E.D. Wis., Nov. 2, 2005) (court allowed both defendant and plaintiff to file motion to file instanter, stating "What's good for the goose is good for the gander. Thus, both the defendant's motion to file instanter and the government's request to file its response instanter will be granted").

Here, in its one-page Motion for Leave to File Statement of Material Fact in Excess of Limit, Defendant asserted that it needed to file a proposed statement of fact in excess of the 150 limit "due to the multiple claims asserted by the Plaintiff in this action and the large number of depositions (ten (10) depositions)." (Docket No. 27.) The Court agreed and granted Defendant's motion on February 28, 2024 (Docket No. 28), nearly a month after Defendant filed its statement of material facts that violated the local rules by having excess the number allowed by the rules and did not seek prior leave of court to do so. The Court permitted Defendant's initial non-

compliance with the rule and considered Defendant's Statement of Proposed Material Facts when deciding the summary judgment motions. Moreover, the Court accepted Defendant's claim that the increase in facts exceeding the limit was warranted due to the multiple claims asserted by the Plaintiff and the ten depositions taken in the case. Yet, the Court admonished the EEOC stating that the "EEOC's additional statements of fact would significantly exceed the limit of 100 set by the local rule." (Docket No. 41, p. 3) Accordingly, it is an abuse of discretion for the Court to excuse the Defendant's non-compliance with the rules, particularly based on Defendant's claim that it needed to exceed its limit of facts for summary judgment because of the EEOC's claims and number of depositions, but strictly hold the EEOC to compliance with the local rules and disregard the EEOC's statement of additional facts. Fairness requires that the Court apply the local rules equally, and the Court should not consider Defendant's Statement of Proposed Material Facts, the same as it refused to consider the EEOC's Statement of Additional Facts. Consequently, this Court should deny Defendant's motion for summary judgment in its entirety with prejudice for its failure to comply with the local rules.

**B. The Local Rules Should be Read as Written to Give Effect to the Word "Material".**

The language of local rules, like statutes, should be given their plain and ordinary meaning by applying contemporaneous dictionary definitions. *See In re I80 Equipment, LLC*, 938 F.3d 866, 870 (7th Cir. 2019) (a court must view the statute as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation. Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous). It is axiomatic that a court should give effect to each word of a rule or a

statute: No word should be interpreted as surplusage or read out of the rule. This Court's opinion reads the word "material" out of the rule – and only does so for the EEOC but not for Defendant.

The Local Rule does not say "one fact" per paragraph. Instead, it says, "one material fact." Civil L.R. 56(b)(2)(ii). In addition, courts should not count facts or sentences mechanically; though an increase in the number of sentences often increases complexity. A statement of material facts that presents one fact per paragraph would not be an efficient manner in which to present a statement of material facts and would not be consistent with the Local Rule for summary judgment. *Rivera v. Guevara*, 319 F.Supp.3d 1004, 1018 (N.D. Ill. 2018). In *Rivera*, the court found that "the sentences themselves, though there are sometimes as many as eleven of them, bear a logical relationship to one another so that keeping them together as a unit makes sense. Given the needs of this case, keeping the basic, mostly undisputed facts [together in the disputed paragraph] seems sensible.... The court can see no benefit in requiring further disaggregation." *Id*. at 1019. It is also worth noting that for a party to provide the Court with basic *non-material*, contextual, factual information, it has little choice but to make use of the statement of material facts or statement of additional facts, as Local Rule 56(b)(6) directs that:

> Assertions of fact in the parties' supporting memoranda must refer to the corresponding numbered paragraph of the statement of facts, statement of additional facts, or statement of stipulated facts.

Here, the Court does not distinguish between merely contextual facts and material facts, any assertion of fact must be found in the accompanying statements.

EEOC's second proposed additional fact is a good example of this dilemma. Stripped of citations, EEOC's second fact reads as follows:

> Turner was supervised by Leads Max Berndt and Japan Lor. Scott Scholl was the supervisor in the safety division and did not work directly with the production technicians. Leads supervised the production technicians. Scholl supervised the Leads. If a production employee has an issue, he should report it to his Lead.

If the rule required that a party include only one fact in each paragraph, then this paragraph should have been written as arguably nine different facts:

1. Turner was supervised by Max Berndt.
2. Turner was also supervised by Japan Lor.
3. Max Berndt was a Lead.
4. Japan Lor was also a Lead.
5. Scott Scholl was the supervisor in the safety division.
6. Scott Scholl did not work directly with the production technicians.
7. Leads supervised the production technicians.
8. Scholl supervised the Leads.
9. If a production employee has an issue, he should report it to his Lead.

The Court's opinion cites to the EEOC's first two additional facts to support its decision.[3] The court claims that "nearly every one of the EEOC's additional proposed findings of fact is compounded in this fashion" (Docket No. 41, p. 2) – an assertion EEOC disputes. The majority of the EEOC's additional facts are short sentences related to one material fact with citation. And many of the Defendant's facts are similar.

While some of the EEOC's numbered paragraphs could be considered long (the longest is 21 lines) they contain related information written in a narrative form that supports one material fact. For instance, in paragraph two, set out above, the name of the two Leads is not a material fact. However, it is convenient for the Court to know their names. It is also not material, but is useful to know, that Scholl is the supervisor of the Safety Division, does not work with production technicians and supervises Berndt and Lor. The one *material* fact in this paragraph is that it was appropriate for Turner to report problems to his Leads (who happen to be named Berndt and Lor).

---

[3] The docket number cited in the Court's decision is incorrect. It should be Docket No. 32, not Docket No. 30.

In comparison, Defendant's Statement of Proposed Material Facts similarly contains some paragraphs that are long narratives (the longest is also 21 lines) with compound sentences and more than one fact, and – unlike EEOC – often contain multiple *material* facts. (Docket No. 24) For example:

- Paragraph No. 6: On June 5, 2019, Turner acknowledged in writing that "[a]ttendance is an essential function of the job. In the rare event you will be late, need to leave work early, or will miss your shift entirely for any reason, you must call QPS Employment Group 920-798-2100 and Lakeside Plastics at 920.235-3620. If it is during business hours – the receptionist will answer and get you to the supervisor. If it is after business hours – hit 0 to speak with a production foreman or leave a message if no one answers. You must call at least one (1) hour prior to the start of your shift. If you will be unable to report, failing to call QPS prior to your shift will result in a voluntary quit of your employment. Poor attendance will be considered a voluntary quit. You are not under Lakeside Plastic's attendance policy, as you are a QPS employee." (Malczewski Decl., ¶2, Ex. A)
- Paragraph No. 7: On June 5, 2019, Turner acknowledged that: "All employees are responsible for helping to assure that harassment isn't present in the workplace. Neither QPS Staff, nor Lakeside Plastics, can respond to your concerns about harassment in the workplace unless we are aware it's happening. We've established the following procedures for reporting and investigating allegations of harassment:
    - Any employee who believes they have been harassed should immediately report the behavior to a supervisor, a manager of Human Resources, or to a QPS consultant.

- Any employee who is aware of or who has witnessed harassing behavior directed toward another employee should immediately report the behavior to a supervisor, a manager of Human Resources, or to a QPS consultant.
- All complaints will be investigated promptly and thoroughly. Any violation of this harassment policy, including the failure to report harassment, may subject an employee to disciplinary proceedings, leading up to and including termination.
- To the fullest extent possible, we will maintain confidentiality.
- Both QPS and Lakeside Plastics forbid and will not tolerate retaliation, intimidation, coercion, threats, or harassment of an employee who has filed a complaint under this procedure.
- Any questions or concerns about this policy should be directed to a QPS representative." (Malczewski Decl., ¶2, Ex. A)

- Paragraph No. 12: The Responsibilities of the Production Technician I position at Lakeside included, "ensure that the products meet quality control standards" and Turner understood that to be a reasonable expectation. (Malczewski Decl., ¶4, Ex. C; Rousseau Decl., ¶2, Ex. A, 63:7-16.)

This same type of sentence construction in Paragraph No. 12, joining more than one material factual proposition, is repeated in Paragraphs Nos. 13-16. But there are other examples:

- Paragraph 21: The purpose of Lakeside's Unlawful Harassment and Discrimination policy is to outline behavior that is not permitted at Lakeside; the policy is also intended to bring awareness to the need for people to report harassment and discrimination. (Rousseau Decl., ¶5, Ex. D, 18:1-6.)

11

- Paragraph 25: Turner understood that reasonable expectations included to be dependable in attendance; to be present during normal working hours; to work agreeably with and respect fellow employees; to discuss complaints or concerns with your supervisor; to work safely and protect the safety of others; and to report all accidents and unsafe working conditions to your supervisor immediately. (Rousseau Decl., ¶2, Ex. A, 142:2-25, 143:1-6.)
- Paragraph 80: At first, Turner stated he did not report the conversation to any of his Leads; Turner stated, "When it came out to going outside and stuff like that, it was a different situation, but no. When it came out to the following me home and stuff like that, yes." (Rousseau Decl., ¶2, Ex. A, 93:13-18.) However, Turner later said he reported to Lor that he had been threatened to go outside to the parking lot to fight and the racial slur. (Rousseau Decl., ¶2, Ex. A, 94:11-25, 95:1-13.)
- Paragraph 107: On July 1, 2019, after QPS informed Turner of the termination of his assignment at Lakeside, Turner informed QPS that he was treated unfairly because he ignored this guy that has been telling him what to do and how to do things. Turner reported that when he talked to his supervisor they told him not to listen to the other guy and to keep doing what he was doing. Turner said that later on this guy told him to meet him in the parking lot and he was going to fight him. Turner stated that last night on his way home from work the guy came up on the side of him in his car and started yelling at him and told him that he was going to "beat his nigger ass." When Turner told him he didn't want to fight, the guy started to call him names and told him he would beat him up because he gets paid to fight. Turner told QPS he was going to get a lawyer involved. Turner also told QPS he was going to contact

Lakeside, but QPS told him that he is not to contact Lakeside and that it was something that QPS needed to deal with. (Rousseau Decl., ¶11, Ex. J.)

The word material has meaning, and these are just some examples of separately numbered paragraphs that Defendant submitted, which are similarly constructed to the EEOC's paragraphs, but the Court did not penalize Defendant for non-compliance with the rules. The Local Rules appear to have been interpreted one way for Defendant and another way for EEOC.

      **C.**      **The Court's Penalty Was Too Harsh and Not in Alignment with Precedent Was an Abuse of Discretion, and EEOC's Facts Should Be Deemed Considered.**

Even if the Court deemed some of the EEOC's separate numbered paragraphs to be long, compound or containing multiple materially factual propositions, which the EEOC disputes, its sanction of not considering any of the proposed statement of additional facts was an inappropriate sanction and was unfairly prejudicial to the EEOC particularly where on summary judgment the facts are to be considered in favor of the non-moving party. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (the court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor); *Bishop v. Air Line Pilots Ass'n Int'l*, 5 F.4th 684, 693 (7th Cir. 2021) (a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder). Here, the Court denied the EEOC a full opportunity to make its best case. *See Krause v. Pfaff*, No. 99-C-0389-C, 2000 WL 34230130, *1 (W.D. Wis., March 28, 2000) (allowing consideration of arguably objectionable affidavits where there was no prejudice to the defendants, and doing so would provide the additional assurance that plaintiffs have had a full opportunity to make their best case).

The issue of whether a party's statement of additional facts should be entirely stricken because of long paragraphs containing narratives regarding material facts was addressed by the Seventh Circuit in *Benuzzi v. Board of Educ. of City of Chicago*, 647 F.3d 652 (7th Cir. 2011). In *Benuzzi*, the court found that while district courts have broad discretion to enforce and require strict compliance with their local rules, the interpretation of "short paragraphs" was subjective because "what is 'short' to one judge may be long to another, and a single judge's definition might reasonably vary from case to case." *Id.* at 655. The Seventh Circuit found that the plaintiff and the district court had different ideas about what "short" meant in this "fact-intensive case." The Seventh Circuit found that while some of the plaintiff's paragraphs in her statement of additional facts were objectively not short – 18 lines – the majority were short – 8, 10, 12 lines. *Id.* The court held "We do not expect district courts to provide litigants with a concrete cutoff; such a requirement would improperly cabin the district courts' discretion. But district courts might prevent disputes like this one by giving litigants a brief opportunity to revise their offending statements before striking them, or at the very least clarifying which paragraphs fail to meet the rules requirements." *Id.* at 655-56. On appeal, the court considered the facts that the district court had disregarded and vacated the district court's grant of summary judgment on plaintiff's retaliation claim and remanded the case to trial on that issue. (The court affirmed the district court's summary judgment ruling on the plaintiff's gender discrimination claim).

Here, in addition to their being no clear meaning of "short," the Court likely has subjective and variable views on which of the facts contained in each of the statements were material and which were merely contextual or explanatory, and the Court did not give the EEOC an opportunity to revise the statement of additional facts before striking them. Nor did the Court clarify exactly which specific paragraphs failed to meet its interpretation of the rule

requirements, but instead pointed out paragraphs 1 and 2 as examples and stated "Nearly every one of the EEOC's additional proposed findings of fact is compounded in this fashion." The Court then held, "the court will not consider the EEOC's proposed statement of additional fact in deciding the motions for summary judgment." (Docket No. 41, pp. 2-3)

Other Wisconsin district courts that have addressed this issue have ruled differently and this Court's decision is an outlier, and an abuse of the Court's discretion. For instance, in *Zimbal v. Firstech*, Case No. 22-cv-985-pp, 2024 WL 1303996 (E.D. Wis., March 27, 2024), the plaintiff filed a motion to require the defendant to amend its statement of material facts arguing that the defendant's statement contained 146 numbered paragraphs, many of them consists of multiple separate facts connected by liberal use of conjunctions, subordinate conjunctions, paratheses and semicolons, which resulted in defendant's statement far exceeding the 150 separate facts limit in violation of the local rule. *Id.* at *1. The defendant argued that the paragraphs each contained a single material fact, and any additional immaterial facts were solely to provide context for the material fact. *Id.* The court held the local rule required a statement of material facts and granted the plaintiff's motion and required the defendant to amend its statement of proposed material facts to include no more than 150 separately numbered, single, material facts. The court also held that if the defendant needed to exceed the 150 material-fact limit, the defendant must file a motion seeking the court's leave to do so. *Id*. at *4. Unlike in this case, the court gave the party an opportunity to cure its non-compliance instead of disregarding its statement of facts and proceeding on summary judgment.

Likewise, in *EEOC v. Rogers Behavioral Health*, Case No. 19-cv-935-pp, 2022 WL 4080649 (E.D. Wis., Sept. 6, 2022), the court noted that the plaintiff filed more than 150 separately numbered statement of fact. However, the court found considerable overlap in the

15

proposed facts and additional proposed facts, concluding that the plaintiff was not required to seek the court's leave to exceed the number of permitted statement of facts. *Id*. at *2-3. In addition, in *Abraham v. Board of Regents of the University of Wisconsin System*, Case No. 15-cv-1116-pp, 2020 WL 1703860 (E.D. Wis., April 8, 2020), the court noted that defendant filed proposed findings of fact with more than one material fact per paragraph, and the plaintiff responded to each paragraph with additional proposed findings that should have been filed as a separate statement. *Id.* at *2. While the court cited the Seventh Circuit decisions which make clear that "a district court is not required to wade through improper denials and legal arguments in search of a genuinely disputed fact," the court said it "waded," and considered the parties' findings of fact to the extent they were supported by the record. The court did not strike the defendant's findings of fact that contained more than one material fact per paragraph. *Id. See also Howard v. Schrubbe*, Case No. 15-cv-557-pp, 2018 WL 369782 (E.D. Wis. Jan. 11, 2018), defendant filed a motion to strike plaintiff's amended proposed findings of fact arguing that nearly all of the facts are compound and violate the local rule requirement for "short numbered paragraphs." *Id*. at *1. The defendant pointed out that the plaintiff submitted 34 typewritten pages to propose 75 facts for an average of 2.2 facts per page compared to the defendants who proposed 103 facts in 20 typewritten pages for an average of 5.15 facts per page. *Id.* The court held that the local rule did not define "short numbered paragraphs" and the court will not analyze each of the plaintiff's facts to determine whether they are short. Rather the court considered the proposed facts and directed the defendant to respond to them.

Based on precedent from the Seventh Circuit and district courts in this circuit, this Court should rescind its Decision and Order (Docket No. 41). The court should consider the EEOC's statement of additional facts and issue a summary judgement decision in accordance with the law

16

that requires the evidence be viewed in the light most favorable to the non-moving party and that all reasonable inferences be drawn in that party's favor. In the alternative, the Court should strictly apply the local rules and rescind its Decision and Order and deny Defendant's motion for summary judgment because Defendant filed excess facts without prior leave of court in violation of the local rules, and because its statement of facts contained compound paragraphs similar to those filed by EEOC which the Court found to be in non-compliance.

## IV. CONCLUSION

Based on the foregoing facts, arguments and law, this Court should grant the EEOC's motion for reconsideration and rescind its Decision and Order (Docket No. 41), and Judgment In A Civil Case (Docket No. 42). The Court should strictly apply the local rules in a uniform fashion and rescind its Decision and Order, and Judgment In A Civil Case, and deny Defendant's motion for summary judgment because Defendant filed excess facts without prior leave of court in violation of the local rules, and made use of compound paragraphs. In the alternative, the Court should consider the EEOC's statement of additional facts, and issue a new decision taking into consideration all of the facts submitted by the EEOC.

Respectfully submitted,

Dated: June 28, 2024

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

/s/ Tina Burnside
Tina Burnside (WI#1026965)
Senior Trial Attorney
Equal Employment Opportunity Commission
Minneapolis Area Office
330 South Second Avenue, Suite 720

Minneapolis, MN 55401
Email: tina.burnside@eeoc.gov
Telephone: (612) 552-7319


/s/ Greger Calhan
Greger Calhan
Trial Attorney
Equal Employment Opportunity Commission
Minneapolis Area Office
330 South Second Avenue, Suite 720
Minneapolis, MN 55401
Email: greger.calhan@eeoc.gov
Telephone: (612) 552-7323