UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

    v.                                                Case No. 22-cv-1149

LAKESIDE PLASTICS INC.,

    Defendant.

**DEFENDANT, LAKESIDE PLASTICS INC.'S, MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF, EEOC'S, MOTION TO ALTER OR AMEND A JUDGMENT UNDER FED. R. CIV. P. 59(e) AND/OR RELIEF FROM A JUDGMENT UNDER RULE 60(b)**

Lakeside Plastics Inc. ("Lakeside") respectfully submits this Memorandum of Law in Opposition to the Equal Employment Opportunity Commission's ("EEOC") Motion to Alter or Amend a Judgment and/or Relief from a Judgment. The EEOC's Motion should be denied in its entirety because the EEOC failed to present newly discovered evidence or establish a manifest error of law or fact under Fed R. Civ. P. 59(e). In addition, the EEOC failed to present the extraordinary circumstances that are required to obtain relief from a judgment under Fed. R. Civ. P. 60(b)(6). Instead, the EEOC merely disagrees with the Court's Decision and Order.

## ADDITIONAL PROCEDURAL FACTS

Lakeside will address additional procedural facts that the EEOC did not include in its Brief. Although Lakeside filed Proposed Findings of Fact consisting of 182 separately numbered paragraphs (dkt. 24), it also contemporaneously filed a Motion for Leave to File Proposed Statements of Material Fact in Excess of Limit (dkt. 27.) The EEOC did not oppose the Motion,

1

which the Court noted when it granted the Motion on February 28, 2024, in a text-only order (dkt. 28.) Unlike Lakeside, the EEOC did not file *any* Motion for Leave to Exceed the Limit.

Although the Court stated in its decision that it would not consider the EEOC's Proposed Statement of Additional Facts in deciding the motions for summary judgment (dkt. 41, p. 3), the Court *did* consider the EEOC's lengthy Response to Lakeside's Proposed Findings of Fact, as cited in the Court's Decision (dkt. 41, p. 4, 6, 7, 8), and applied the appropriate summary judgment standard (dkt. 41, p. 10.) Further, as Lakeside noted in its Response to the EEOC's Proposed Statement of Additional Facts, the EEOC simply repeated many of the proposed facts already submitted by Lakeside as opposed to "additional facts that require the denial of summary judgment" under Civil L.R. 56(b)(2)(B)(ii), and also submitted multiple exhibits that were already part of the record. (Dkt. 36.) Indeed, the EEOC did not point to a single proposed "additional fact" that the Court did not consider and that would have materially changed the Court's Decision. Similarly, the EEOC did not point to a single material fact or inference that the Court purportedly construed in favor of Lakeside.

## **LEGAL STANDARD**

"A district court does not abuse its discretion when, in imposing a penalty for a litigant's non-compliance with [a] Local Rule…, the court chooses to ignore and not consider the additional facts that a litigant has proposed." *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809–10 (7th Cir. 2005), citing *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1316 (7th Cir.1995). Indeed, the U.S. Court of Appeals for the Seventh Circuit has "stated on a number of occasions, '[a] local rule of a federal district court is written by and for district judges to deal with the special problems of their court, and we are disposed therefore to give a district judge's interpretation of his [or her] court's local rules ... considerable weight.'" *Id.*, citing *Midwest Imports, Ltd.*, 71 F.3d at 1316.

2

"To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A "manifest error" refers to the "wholesale disregard, misapplication, or failure to recognize controlling precedent," as opposed to "disappointment of the losing party." *Id.*

"Relief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional circumstances." *Talano v. Nw. Med. Fac. Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001), citing *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir.1995). With regard to Rule 60(b)(6), "any other reason that justifies relief," Courts have held that "[i]n a rule already limited in application to extraordinary circumstances, proper resort to this 'catch all' provision is even more highly circumscribed." *Id.*, citing *Pantoja v. Texas Gas & Transmission Corp.*, 890 F.2d 955, 960 (7th Cir.1989), cert. denied, 497 U.S. 1024, 110 S.Ct. 3272, 111 L.Ed.2d 782 (1990) (Rule 60(b)(6) is to be applied only in "the most extraordinary of circumstances."). Courts have also held that "carelessness or a lack of due care on the part of a litigant or [his] [or her] attorney does not provide a basis for relief" under Rule 60(b)(6). *Id*. at 700.

## LEGAL ARGUMENT

**I. THE EEOC'S MOTION MUST BE DENIED BECAUSE IT FAILED TO ESTABLISH A MANIFEST ERROR OF LAW OR FACT UNDER FED. R. CIV. P. 59(e) AND THERE ARE NO EXTRAORDINARY CIRCUMSTANCES ENTITLING THE EEOC TO RELIEF UNDER FED. R. CIV. P. 60(b)(6).**

The EEOC merely takes umbrage with the Court's decision in which the Court stated it would not consider the EEOC's proposed Statement of Additional Facts in deciding the motions for summary judgment. Indeed, the EEOC's Brief largely consists of arguments in opposition to Lakeside's Motion for Leave to File Proposed Statements of Material Fact in Excess of Limit, and the Court's Order granting that motion, well after the fact.

The EEOC failed to establish a manifest error of law or fact. It also failed to present any extraordinary circumstances that would entitle it to relief. The EEOC did not point to any part of the Court's decision or offer a single example of where the Court viewed a particular fact or inference in favor of Lakeside. Relatedly, the EEOC did not point to a single "additional fact" that would have changed the result. Instead, the EEOC asserted that the Court construed facts in favor of Lakeside without any support. To be sure, the Court *did* consider the EEOC's lengthy response to Lakeside's Proposed Findings of Fact, as reflected in its decision (see dkt. 41, p. 4, 6, 7, 8), and also applied the correct legal standard (dkt. 41, p. 10.)

### A. The Court did not abuse its discretion, nor did the EEOC show a manifest error of law or fact or that exceptional circumstances exist.

As an initial matter, the Court should disregard the EEOC's argument because it consists of opposing Lakeside's Motion well after the fact, does not demonstrate a manifest error of law or fact, and does not demonstrate extraordinary circumstances that would entitle the EEOC to relief. Even if considered further, the EEOC's argument is easily dispelled.

The EEOC attempted to compare its violation of the Local Rules with Lakeside's Motion for Leave to File Proposed Statements of Material Fact in Excess of Limit, which the EEOC did not previously oppose. In addition to the fact that the EEOC never opposed Lakeside's Motion (for which it has no explanation),[1] the EEOC also did not file its own Motion for Leave to File Proposed Statements of Material Fact in Excess of the Limit, either before its submission or contemporaneously with its submission. Instead, the EEOC chose to file "additional facts" consisting of numerous proposed facts in each paragraph. The EEOC also repeated many facts that were already of record and filed multiple exhibits that were already of record. Therefore, the Court did not apply the Local Rules in an unequal fashion, nor was there a manifest error of law.

---

[1] The EEOC instead asserted in a footnote why it did not "file a motion seeking sanctions."

4

The cases cited by the EEOC for the proposition that the Court must apply the Local Rules equally to both parties do not support the EEOC's argument. Indeed, in *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 630 (7th Cir. 2010), the Court stated that "[w]e have routinely held that a district court may strictly enforce compliance with its local rules regarding summary judgment motions." This case makes clear that the EEOC's Motion has no merit. Next, the EEOC cited *Heffernan v. City of Paterson, N.J.*, 578 U.S. 266, 272, 136 S. Ct. 1412, 1418, 194 L. Ed. 2d 508 (2016), which is a First Amendment case involving an employer's motive, and has no application to this matter whatsoever. Similarly, the case of *Fessenden v. Reliance Standard Life Ins. Co.*, 927 F.3d 998, 1007 (7th Cir. 2019), which involved deadlines in an ERISA plan, has no application here. Moreover, *Harris v. Cnty. of Cook*, No. 19-CV-4598, 2022 WL 425716, at *7 (N.D. Ill. Feb. 11, 2022), which dealt with a late exhaustion of administrative remedies defense, has no application here. Lastly, *United States v. Smith*, No. 05-CR-182, 2005 WL 2885801, at *1 (E.D. Wis. Nov. 2, 2005), which involved motions by one party and a request by the government to file a late response to one of the motions, has no application here.

The EEOC's after-the-fact opposition to Lakeside's Motion for Leave to File Proposed Statements of Material Fact in Excess of Limit not only lacks merit, but the EEOC also failed to show a manifest error of law or fact. The EEOC never opposed Lakeside's Motion, which the Court granted on February 28, 2024 (dkt. 28) and chose not to file its own Motion. Instead, it simply went ahead and filed proposed "additional facts," which, if treated separately, would significantly exceed the limit. The EEOC then claimed that this is an abuse of discretion, based solely on the EEOC's perception of "unfairness," without citation to any legal authority on point. The EEOC even claimed, without any legal authority, that the Court should now, after the fact, deny Lakeside's motion for summary judgment. The Court should reject the EEOC's arguments

5

as unsupported by applicable legal authority and contrary to the summary judgment legal standards. The EEOC failed to demonstrate a manifest error of law or fact or exceptional circumstances.

### B. The EEOC's attempt to challenge the Local Rules after the fact should be rejected.

The applicable Local Rule provides:

> a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the facts described in that paragraph. A non-moving party may not file more than 100 separately-numbered statements of additional facts. Each separately-numbered paragraph shall be limited to one material fact[.]

Civil L.R. 56(b)(2)(B)(ii). The EEOC claimed in its Brief that the Court "reads the word 'material' out of the rule – and only does so for the EEOC but not for Defendant." Again, there is no support for the EEOC's argument. In addition, the EEOC ignored the fact that in opposing a motion for summary judgment, the Local Rule allows a party to submit "additional facts that require the denial of summary judgment," as well as a response to the moving party's proposed facts. In this case, the EEOC submitted numerous proposed "additional facts," combined into 100 paragraphs, many of which simply repeated facts that were already in the record. In fact, the EEOC did not point to a single proposed "additional fact" that was disregarded by the Court and would have led to a different result.

The EEOC used its second proposed "additional fact" as an example. However, when reviewing that paragraph, all of the EEOC's proposed "additional facts" are already in the record and are not "additional facts" that require the denial of summary judgment:

6

- Lakeside Proposed Fact ¶5 stated: "Turner reported to Leads Max Berndt or Japan Lor." The EEOC responded: "Not disputed. Berndt and Lor were Turner's supervisors." (Dkt. 33.)

- Lakeside Proposed Fact ¶173 stated: "Scholl is the Supervisor in the Safety Division and supervises the Leads." The EEOC responded: "Not disputed." (Dkt. 33.)

- The EEOC also stated in its responses to Lakeside's Proposed Facts: "Leads are the supervisors of production employees, like Turner." (Dkt. 33, ¶38.) "According to Scholl, employees should report issues to their Lead, the Lead will present it to him, and he will forward it to Human Resources." (*Id.*)

- Malczewski Decl., ¶2, Ex. A is Turner's Assignment at Lakeside Plastics, which states that Turner reports to Max Berndt or Japan Lor. (Dkt. 26-1.) The EEOC refiled the same document as Exhibit 12 to the Declaration of Tina Burnside. (Dkt. 34-12.)

- Malczewski Decl., ¶4, Ex. C is Turner's Job Description. (Dkt. 26-3.) The EEOC refiled the same document as Exhibit 13 to the Declaration of Tina Burnside. (Dkt. 34-13.)

- The depositions of Brian Turner (dkt. 25-1), Scott Scholl (dkt. 25-6), Max Berndt (dkt. 25-7), and Japan Lor (dkt. 25-8) were also part of the record and were all refiled with the Declaration of Tina Burnside (dkt. 34.)

Consequently, the EEOC's argument that it needed to provide "contextual facts" in addition to "material facts" is unfounded and contrary to the applicable Local Rule that allows parties opposing summary judgment to submit "additional facts that require the denial of summary judgment." Civil L.R. 56(b)(2)(B)(ii).

The EEOC's arguments regarding Lakeside's Proposed Facts should also be rejected. Indeed, the EEOC's assertion that the Proposed Facts are "long narratives," "compound

sentences," and contain "multiple *material* facts" is inaccurate, and the EEOC's combination of numerous "additional facts" in nearly every paragraph is not comparable.

- Paragraph 6 of Lakeside's Proposed Facts is quoted language representing the "Attendance Policy" section of Turner's Assignment document. (Dkt. 26-1.) It is not separate material facts combined into one paragraph.

- Paragraph 7 of Lakeside's Proposed Facts is quoted language representing the "Harassment Policy" section of Turner's Assignment document. (Dkt. 26-1.) Like the previous paragraph, it is not separate material facts combined into one paragraph.

- Paragraph 12 of Lakeside's Proposed Facts addressed one of Turner's responsibilities at Lakeside (dkt. 24, ¶12.)

- Paragraph 21 of Lakeside's Proposed Facts addressed the single material fact of the purpose of Lakeside's Unlawful Harassment and Discrimination policy. (*Id.*, ¶21.)

- Paragraph 25 of Lakeside's Proposed Facts addressed the single material fact of the expectations of Turner's position. (*Id.*, ¶25.)

- Paragraph 80 of Lakeside's Proposed Facts addressed one material fact and Turner's versions of it. (*Id.*, ¶80.)

- Paragraph 107 of Lakeside's Proposed Facts addressed one material fact (Turner's report to QPS) from the same document. (*Id.*, ¶107.)

Based upon the foregoing, the EEOC's after the fact challenges to Lakeside's Proposed Facts have no merit and are not comparable to the EEOC's violations of Local Rule 56(b)(2)(B)(ii). Thus, the Court should reject the EEOC's argument that the Court "interpreted [the rules] one way for Defendant and another way for the EEOC." More importantly, the Court should reject the

EEOC's argument because the EEOC failed to show that there is a manifest error of law or fact or that exceptional circumstances exist that would entitle the EEOC to relief.

**C. The Court's rejection of the EEOC's proposed "additional facts" was well within its discretion, and the Court applied the correct summary judgment standard.**

The Court properly exercised its discretion when it determined that it would not consider the EEOC's proposed statement of "additional facts" in deciding the motion for summary judgment. See *Cichon*, 401 F.3d at 809–10 (7th Cir. 2005), citing *Midwest Imports, Ltd.*, 71 F.3d at 1316. The Court also applied the proper summary judgment standard, as reflected throughout its decision, as well as specifically in the Legal Standard section, wherein the Court stated: "The ordinary standards for summary judgment remain unchanged on cross-motions for summary judgment: a court construes facts and inferences arising from them in favor of the party against whom the motion under consideration is made." (Dkt. 41, p. 10.) The EEOC's disagreement with the Court's decision does not raise a manifest error of law or fact or create exceptional circumstances justifying relief to the EEOC.

The EEOC failed to explain why the Court's decision was "unfairly prejudicial" to the EEOC or how the Court purportedly construed facts in favor of Lakeside. Indeed, the EEOC did not offer a single example of where the Court, in its Decision, construed a material fact or inference in favor of Lakeside. The EEOC also did not offer a single example of a material fact that the Court did not consider from the EEOC's "additional facts" and that would have materially changed the Court's Decision. Consequently, the EEOC's arguments should be rejected outright as unsupported. The EEOC's arguments become even more hollow when one considers the fact that the EEOC's proposed "additional facts" were not "additional facts that require denial of summary judgment," (which the EEOC admits in its Brief by arguing that the "additional facts" included

9

"contextual facts") and the EEOC submitted lengthy responses to Lakeside's Proposed Facts (dkt. 33), which the Court considered.

Instead of pointing to actual examples of where the Court erred (there are none), the EEOC focused on how the word "short" can be interpreted differently, which has no bearing on this case. Indeed, the Court's decision in *Benuzzi v. Bd. of Educ. of City of Chicago*, 647 F.3d 652, 656 (7th Cir. 2011) does not support the EEOC's arguments.

In *Benuzzi*, the Local Rule at issue from the Northern District of Illinois did not specify that "[e]ach separately-numbered paragraph shall be limited to one material fact," unlike the Local Rule applicable here. *Id.* at 655. Rather, it stated, in relevant part, "a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment…" *Id.* at 654-55. In reviewing the Local Rule, the Court expressed that "short" may have different meanings to different people. *Id.* at 655. The Court also noted that it was unclear which facts the lower court considered and which facts it disregarded. *Id.* at 656. Ultimately, the Court made clear that "District courts have broad discretion to enforce and require strict compliance with their local rules." *Id.* at 655. The Court then "decline[d] to hold that the district court abused its discretion," noting that the plaintiff failed to seek clarification or leave to file a lengthier statement. *Id.* at 656. Consequently, *Benuzzi* supports the denial of the EEOC's motion, as the Court properly exercised its discretion in this case, and the EEOC never sought clarification or leave to exceed the limit.

The other cases cited by the EEOC also fail to demonstrate an abuse of discretion, manifest error of law or fact, or exceptional circumstances. For instance, the fact that Judge Pepper permitted a party to amend its statement of proposed material facts in *Zimbal v. Firstech, Inc.*, No. 22-CV-985-PP, 2024 WL 1303996, at *4 (E.D. Wis. Mar. 27, 2024), despite noting that the case "continues to be plagued with needless disputes," does not mean that the Court in this case abused

its discretion and committed a manifest error of law. Similarly, the fact that Judge Pepper chose to "wade[]" through the record in *Abraham v. Bd. of Regents of Univ. of Wisconsin Sys.*, No. 15-CV-1116-PP, 2020 WL 1703860, at *2 (E.D. Wis. Apr. 8, 2020), does not mean that the Court in this case abused its discretion and committed a manifest error of law. The same is true of *Howard v. Schrubbe*, No. 15-CV-557-PP, 2018 WL 369782, at *1 (E.D. Wis. Jan. 11, 2018), wherein Judge Pepper declined to analyze each paragraph to determine whether it was "short." Indeed, as noted above, the EEOC does not offer a single example of a material fact or inference that the Court in this case purportedly construed in favor of Lakeside or a single material fact that would have materially changed the Court's decision.

The EEOC also cited *Equal Emp. Opportunity Comm'n v. Rogers Behav. Health,* No. 19-CV-935-PP, 2022 WL 4080649, at *3 (E.D. Wis. Sept. 6, 2022), appeal dismissed, No. 22-3011, 2023 WL 7449952 (7th Cir. Nov. 7, 2023), which does not support its arguments in this case. In that case, the EEOC filed more than 150 proposed facts, but the Court noted that "[o]ddly, however, the plaintiff's 'additional' proposed findings of fact include over forty of the same proposed facts, many times in the exact wording, as its initial proposed findings of fact." *Id.*, at *3. The Court held, "[b]ecause of the considerable overlap, substantively the plaintiff has presented fewer than 150 unique statements of fact. Given that, the court concludes that the plaintiff was not required to seek the court's leave to exceed the number of permitted statements of fact." *Id.* This case is notable for several reasons. First, it is another example of the EEOC ignoring the Local Rules in the same District Court. Second, it is another example of the EEOC submitting "additional" proposed facts that mirror proposed facts that are already in the record. Indeed, the Court's decision in *Rogers Behav. Health* supports the denial of the EEOC's motion.

11

Contrary to the EEOC's argument, there is no basis for the Court to "rescind" its Decision and Order in this case. The EEOC failed to demonstrate a manifest error of law or fact or exceptional circumstances that would justify relief. Relatedly, the EEOC failed to show how the Court purportedly applied the wrong summary judgment standard (it did not). There is also no basis for the Court to rescind its prior order granting Lakeside's Motion for Leave to File Proposed Statements of Material Fact in Excess of Limit. The EEOC's Brief merely demonstrates disagreement with the Court's Decision and Order, which is not a valid basis for a motion for reconsideration under Rule 59 or for relief under Rule 60(b)(6).

### **CONCLUSION**

Based upon the foregoing, the Court should deny the EEOC's Motion in its entirety.

Dated this 19th day of July, 2024.

RENNING, LEWIS & LACY, S.C, Attorneys for Defendant, Lakeside Plastics Inc.

s/Jenna E. Rousseau
Tony J. Renning
State Bar No. 1029722
Jenna E. Rousseau
State Bar No. 1065236

Tony J. Renning
43 W. 6th Avenue
Oshkosh, WI 54902
Ph. 833.654.1177
trenning@law-rll.com

Jenna E. Rousseau
205 Doty St., Suite 201
Green Bay, WI 54301
Ph. 920.283.0708
jrousseau@law-rll.com