IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> LAKESIDE PLASTICS, INC., <br><br> Defendant. | Civil Action No. 1:22-cv-01149-WCG <br><br> **CONSENT DECREE** |

# CONSENT DECREE

This Consent Decree ("Decree") is made and entered into by and between Plaintiff Equal Employment Opportunity Commission ("EEOC"), an agency of the United States government, and Defendant Lakeside Plastics, Inc. ("Defendant" or "Lakeside Plastics").

# THE LITIGATION

1. On September 29, 2022, the EEOC filed a Complaint against Defendant, *EEOC v. Lakeside Plastics, Inc.* (ECF No. 1) ("Litigation"), alleging that Defendant discriminated against Brian Turner, who is Black, when it subjected him to a hostile work environment based on race and terminated his employment based on race. The EEOC also alleged, in the alternative, that Defendant terminated Turner's employment in retaliation for engaging in protected activity when he opposed the racial harassment, or because he is both Black and engaged in protected activity. The EEOC alleged all of Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Defendant Lakeside Plastics, Inc. filed an Answer and Affirmative Defenses (ECF No. 4) in the Litigation on November 23, 2022, denying the EEOC's allegations, including the EEOC's allegations regarding harassment, discrimination and retaliation on the basis of race. This Decree does not constitute an admission by either party of the validity of the claims, denials, or defenses raised by the other party.

3. In reaching this Consent Decree, the EEOC and Defendant, acting by and through their counsel, engaged in negotiations and an exchange of information. The parties have obtained sufficient information to assess reliably the relative merits of the claims and defenses. Throughout this process, the EEOC and Defendant were represented by counsel knowledgeable in this area of the law.

4. This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC in this action and shall be binding on the parties.

THEREFORE, upon the consent of the parties, and upon review by the Court of these terms, it is ORDERED, ADJUDGED, and DECREED that the following terms are approved as set forth herein:

## JURISDICTION

5. This Court has jurisdiction over the parties and the subject matter of this action.

6. This Court shall retain jurisdiction of this action during the duration of this Decree for purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief and enforce compliance with the terms provided in this Decree.

## FINDINGS

7. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

a. This Court had jurisdiction of the subject matter of this action and the parties.

   b. The terms of this Decree are adequate, fair, reasonable, equitable, and just.

   c. The rights of the EEOC, Lakeside Plastics, Brian Turner, and the public are adequately protected by this Decree.

   d. This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

   e. Entry of this Decree will further the objectives of Title VII and will be in the best interest of the EEOC, Lakeside Plastics, Brian Turner, and the public.

## SCOPE

8. In the interest of resolving this matter, the parties have agreed that this Litigation should be finally settled by entry of this Decree. The EEOC agrees that it will not bring any further claim against Defendant based on the charge of discrimination filed by Brian Turner underlying the Litigation.

## DEFINITIONS

9. As used herein, "Lakeside Plastics" shall mean Defendant's business located in the State of Wisconsin and the City of Oshkosh.

## TERM

10. The term of this Decree and all obligations hereunder shall be for two years from the Effective Date hereof unless extended by order of this Court, provided, however, that if at the end of the term of the Decree, any disputes under Paragraph 29, below, remain unresolved, the parties agree that the Court shall have authority to extend the term of the decree, and the Court will retain jurisdiction of this matter to enforce the Decree until such

3

Case 1:22-cv-01149-WCG    Filed 01/24/25    Page 3 of 10    Document 57

time as all such disputes have been resolved. The Effective Date shall be the date that the District Court approves this Consent Decree.

## INJUNCTION

11. Lakeside Plastics, and its officers, agents, management (including supervisory employees), successors, assigns, and all persons acting in concert with it who have actual notice of the decree, shall not engage in harassment or discrimination against any person based on race.

12. Lakeside Plastics, and its officers, agents, management (including supervisory employees), successors, assigns, and all persons acting in concert with it who have actual notice of the decree, shall not engage in retaliation against any person because such person opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under or participated in any activity mandated by this Decree.

## EMPLOYMENT REFERENCE

13. Lakeside Plastics will provide a neutral employment reference for Brian Turner. When providing reference check information, Lakeside Plastics will inform prospective employers of Turner's position and dates of employment only and will not disclose any discipline Turner received or that he was fired.

## REINSTATEMENT

14. Lakeside Plastics will offer to rehire Turner.

## TRAINING AND POLICIES

15. On an annual basis for the term of this Consent Decree, Defendant will train its management personnel on Title VII's provisions prohibiting discrimination and retaliation.

The training may also include information about other laws prohibiting discrimination in the workplace and about Defendant's equal employment opportunity policies. The training must be provided by a live, in-person trainer. A proposed agenda for the training, including the topics to be addressed by the trainer, and the name of the trainer, training materials, and resumes relating to the trainers will be provided to the EEOC at least 30 days before each training session. The training shall be conducted by an outside trainer or Lakeside's outside legal counsel. The EEOC will have the opportunity to comment on the agenda and suggest changes to the presenter, agenda, and topics until 15 days before each training. The first annual training shall total no less than one hour. Each subsequent training shall total no less than one hour. The EEOC shall be notified of the time and date of each scheduled training and be provided a list of who attended with signatures of the attendees.

16. On an annual basis for the term of this Consent Decree, Defendant will train its non-management employees and temporary workers on their rights as employees to be free from discrimination under Title VII, racial harassment, and retaliation. Such training shall advise employees of their right to file charges of discrimination with the EEOC and other fair employment practices agencies. The training will also include information about Defendant's internal complaint and investigation process for reporting complaints. The training for non-management employees and temporary workers must be provided by a live, in-person trainer. If a temporary worker is not able to attend the live training, Defendant may provide such training by other means such as online or video. An agenda for the training, including the topics to be addressed by the trainer, training materials, and resumes relating to the presenter and the name of the trainer will be provided to the EEOC at least 30 days before each training session. The EEOC will have the opportunity to

5

comment on the agenda and suggest changes to the presenters, agenda, and materials until 15 days before each training.

17. At the beginning of each training session held under this Decree, Lakeside Plastics' Human Resources Manager will affirm that Defendant takes its obligations under all EEO laws and prohibitions seriously and that there will be no retaliation against any employee for complaining about discrimination.

18. Within 60 days of the Effective Date of this Decree, Defendant shall review, revise, distribute, and implement its revised policies and procedures against race discrimination, racial harassment, and retaliation prohibited under Title VII. All revised policies shall include:

    a. A complaint process that provides a prompt, thorough, and impartial investigation that will begin within five (5) days after a racial harassment and/or retaliation complaint is made whether verbally or in writing;

    b. An instruction that managers, supervisors, and leads shall report to Lakeside Plastics' Human Resources Manager all racial harassment and/or retaliation complaints that managers, supervisors, and leads are aware of, have witnessed, or received information about;

    c. A provision stating that managers, supervisors, and leads who fail to report or communicate racial harassment or retaliation complaints they are aware of to human resources will be subject to disciplinary action;

    d. A procedure for communicating in writing with the complainant regarding the status of a racial harassment and/or retaliation complaint, results of the investigation, and if any remedial action was taken.

    e. An instruction that Defendant will take prompt corrective, preventive, and/or disciplinary action when it determines that racial harassment and/or retaliation has occurred.

## POSTING TO EMPLOYEES

19. Defendant will post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. § 1601.30 in all its facilities.

20. Defendant will post the Notice attached as **Exhibit A** at its facility in Oshkosh, WI. **Exhibit A** will be posted in locations where notices for employees are generally posted and shall remain in place for the term of this Decree. Defendant shall take steps to ensure that the posted Notice remains unobscured and, during the term of this Decree, will replace any damaged or defaced Notices.

## RECORDKEEPING AND REPORTING

21. Defendant will comply with all recordkeeping obligations under the laws prohibiting discrimination as outlined in 29 C.F.R. § 1602. Defendant will review and, as necessary, revise any document retention policies, human resources policies, or employee materials to comply with the record-keeping requirements under Title VII.

22. On an annual basis during the term of this Decree, Defendant shall submit to the EEOC a certification of compliance with this Decree, including that it has reviewed its workplace policies, revised any policies inconsistent with Title VII, and has conducted the training of its personnel as required by this Decree. After the first report to the EEOC, Defendant's subsequent annual reports shall document any revisions or changes to its anti-discrimination and anti-retaliation policies.

23. During the term of this Consent Decree, Defendant shall document, collect, and maintain information to provide the EEOC with reports every six months, listing all complaints, written or verbal, of racial harassment, race discrimination, and/or retaliation made during that reporting period. Such information and reports shall include the following: (1) the date of the complaint; (2) the name of the complaining party; (3) the name and job title of the person who received the complaint; (4) a detailed description of the facts alleged by the complainant; (5) details of the investigation conducted by Defendant of the complaint; and (6) a description of what action, if any, Defendant took in response to the complaint. Upon the EEOC's request, Defendant shall make the underlying documents or records available to the EEOC within ten days of the request.

24. During the term of this Decree, where Defendant is required to provide reports every six months, the last report shall occur at least two months before the expiration of the Decree.

## **MONETARY REMEDY**

25. Defendant agrees to pay $60,000.00 to Brian Turner in resolution of this matter within ten (10) days after the Effective date of the Consent Decree. The settlement payment will be treated as back pay, subject to standard payroll withholdings. Brian Turner shall provide Lakeside Plastics with a current W-4 form. Defendant will provide Turner a W-2 income tax form for the back pay. Defendant will make all appropriate withholdings and employer tax contributions applicable to the back pay amount based upon Federal and State of Wisconsin tax withholding requirements. Defendant may not deduct the employer's share of applicable taxes from the amount to be paid to Turner.

26. Brian Turner's execution of a release, attached as **Exhibit B**, will be a condition precedent to his receipt of relief under this Decree.

27. Defendant will provide the EEOC with a copy of the check and any related correspondence provided to Brian Turner.

## SUCCESSORS

28. The terms of this Consent Decree shall be binding upon the present and future owners, directors, officers, managers, agents, successors, and assigns of Lakeside Plastics. Defendant and any successors of it shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with it, or any successor, prior to the effectiveness of any such asset sale, acquisition, transfer, or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding violation of this Decree. Defendant shall provide to the EEOC fourteen (14) days' advance written notice of such merger, acquisition, sale, or transfer.

## DISPUTE RESOLUTION

29. The EEOC will give Defendant ten (10) business days' notice of any alleged non-compliance with the terms of the Decree before initiating enforcement actions under this Decree. If Defendant has not remedied the alleged non-compliance or has not satisfied the EEOC that it has complied with the Decree at the end of that period, the EEOC may apply to the Court for appropriate relief. The dispute resolution proceedings in this Section do not apply to those cases where the EEOC has determined there is a need to seek immediate injunctive or other extraordinary relief.

## COMPLIANCE REVIEW

30. The EEOC may review Defendant's compliance with the aforementioned provisions of this Decree during the term of this Decree upon written notice to Defendant's attorney of record at least ten (10) business days in advance of any inspection of Defendant's documents or

premises, except that EEOC may visit the premises to determine compliance with the posting requirement without notice. After the EEOC provides the notice specified in this Section, Defendant will allow EEOC representatives to review compliance with this Decree by inspecting and photocopying relevant, non-privileged documents and records, and interviewing employees and management officials on its premises.

## **MISCELLANEOUS PROVISIONS**

31. The EEOC and Defendant shall each bear their own costs and attorney's fees.

32. When this Decree requires a certification by Defendant of any facts, such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant. When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be sent by email to CDO_Decrees@eeoc.gov, and shall include "EEOC v. Lakeside Plastics" in the subject line.

**SO ORDERED** at Green Bay, Wisconsin this 24th day of January, 2025.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge